# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ronald J. Allison, <br><br>　　　　　　Plaintiff(s), <br><br>vs. <br><br>The Illegal Monopoly of a Court System of Clark County, *et al*, <br><br>　　　　　　Defendant(s). | 2:22-cv-00269-RFB-MDC <br><br>**Order** |

Incarcerated pro se plaintiff Ronald Allison filed a complaint, but he did not pay the filing fee or file an application to proceed in forma pauperis.

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect

subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2). Plaintiff must pay the full filing fee or file an application to proceed in forma pauperis that complies with the PLRA.

The Court also received notice that mail was returned as undeliverable. Pursuant to Nevada Local Rule of Practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Nev. Loc. R. IA 3-1.

ACCORDINGLY,

**IT IS SO ORDERED that:**

1. Plaintiff has until **Wednesday, April 10, 2024** to pay the filing fee in full or file an application to proceed in forma pauperis. Failure to comply with this order may result in dismissal of this case or a report and recommendation that this case be administratively closed.

2. Plaintiff has until **Wednesday, April 10, 2024** to notify the Court of his current address. Failure to comply with this order may result in dismissal of this case or a report and recommendation that this case be administratively closed.

3. Plaintiff shall not file any documents with the Court until he has either paid the full filing fee, or the Court has approved his application to proceed in forma pauperis and screened his complaint. Any documents filed in violation of this Order will not be acted upon by the Court and may be struck *sua sponte* from the docket.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

Dated this 11th day of March 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge